IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>DANTE VASSER,<br><br>               Defendant. | 8:17-CR-276<br><br>**MEMORANDUM AND ORDER** |

      This matter comes before the Court on Defendant's motion for compassionate release, Filing 46. For the reasons stated below, the motion will be denied.

      Defendant pleaded guilty to two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b). Filing 32. Defendant admitted that he sold a total of 27 grams of crack cocaine to a confidential informant in January 2017. Filing 34 at 2. In evaluating "Relevant Conduct" under United States Sentencing Guidelines (U.S.S.G.) § 1B1.3, the Presentence Investigation Report (PSR) found that Defendant was responsible for additional crack cocaine transactions. Filing 37 at 5. The PSR concluded that, in total, Defendant was responsible for 390.7 grams of cocaine base. Filing 37 at 5.

      Based on Defendant's prior felony record, he was classified as a career offender. Filing 38 at 2. In its sentencing recommendation, the Probation Office noted that Defendant committed the violations charged in the indictment while on supervised release for two federal convictions. Filing 38 at 2. On July 9, 2018, the Court adopted the PSR without objection and sentenced Defendant to a term of imprisonment of 120 months on each count, to be served concurrently, with three years of supervised release. Filing 40 at 2, 3. Defendant's total offense level was 29, and his criminal

history category was VI. Filing 40 at 1. Defendant is not expected to be released from prison until February 2027. Filing 47 at 2.

On November 17, 2017, Defendant was in custody pending final adjudication of this case. Filing 47 at 2. While exiting a jail transport vehicle, Defendant fell while fully shackled. Filing 47 at 2, *see also* Filing 48-2 at 1. Because he was unable to brace for the fall, Defendant suffered significant injuries to his head and shoulders. Filing 47 at 2, *see also* Filing 48-2 at 1-2. Defendant has undergone several procedures to address his injuries and suffers from continual pain. Filing 47 at 2, *see also generally* Filing 48-2, Filing 48-3, Filing 48-4. Defendant was diagnosed with multiple sclerosis resulting from the fall and has a history of asthma. Filing 47 at 2, *see also* Filing 48-2, Filing 48-3. Defendant seeks compassionate release because these conditions present an increased risk of severe illness should he contract COVID-19.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant's evidence shows that he submitted a request for compassionate release to the warden of his facility, which was denied on August 5, 2020. Filing 48-1 at 1. Because thirty days have lapsed since Defendant submitted his request, the Court is satisfied that he has exhausted his administrative remedies.

Although Defendant has exhausted his administrative remedies, he has not demonstrated a reduction in sentence is warranted. Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Guidelines identify four general categories of qualifying circumstances, including: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1 (2018). Defendant's rehabilitation while incarcerated may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

The Court does not minimize Defendant's medical conditions or the potential risk he faces; however, a generalized concern about the presence of COVID-19 is insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Instead, the court must determine whether the nature of Defendant's

3

increased risk is sufficiently extraordinary and compelling to merit release from incarceration. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant has not shown that his specific health condition places him at a greater risk of complications, nor has he shown that his condition is not being sufficiently treated. Defendant is not terminally ill and has not shown that his injuries and medical conditions "substantially diminish[] his ability to provide self-care within the environment of a correctional facility." U.S.S.G. 1B1.13, Application Note 1(A). Defendant acknowledges that the National Multiple Sclerosis Society has stated that "simply having MS does not make you more likely to develop COVID-19 or to become severely ill or die from the infection than the general population."[1] *See* Filing 47 at 10. Defendant provides no evidence or argument that his diagnosis in particular places him at a greater risk. Similarly, while Defendant explains generally the risks of complications from COVID-19 associated with asthma, the evidence does not show whether the severity of his asthma places him at greater risk.[2] Finally, although Defendant's injuries and pain from his fall are severe, no evidence suggests that they place him at a greater risk should he contract COVID-19 or that he would receive better care outside prison. To the contrary, the evidence suggests that he is receiving regular care for his injuries.

A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the

---

[1] Coronavirus Risk for People Living with Multiple Sclerosis (MS), https://www.nationalmssociety.org/coronavirus-covid-19-information/multiple-sclerosis-and-coronavirus (last visited March 2, 2021).
[2] According to the Centers for Disease Control and Prevention, individuals with "moderate or severe" asthma may be at a greater risk for complications from COVID-19. *See* People With Certain Medical Conditions, (updated February 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited March 2, 2021).

need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." Defendant was found responsible for selling a significant amount of crack cocaine and committed the instant offense while on supervised release for two prior federal convictions. Defendant also has a significant criminal history and was designated as a career offender. Releasing Defendant after serving just over a third of his sentence may minimize the seriousness of his offense. Defendant has not shown that he cannot be cared for in prison, and the Court concludes the factors under 18 U.S.C. § 3553(a) do not allow for compassionate release. Accordingly, Defendant's motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Compassionate Release, Filing 46, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge